IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY VALLEY BANK OF PITTSBURGH, *a Pennsylvania financial Institution*, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | )<br>) Civil Action No. 13-818<br>) Magistrate Judge Maureen P. Kelly |
| POTOMAC EDUCATIONAL FOUNDATION, INC., *a Delaware Corporation doing business as* UNIVERSITY OF FAIRFAX; VIENNA EDUCATIONAL SERVICES, INC., *a Delaware Corporation;* CHRISTOPHER V. FEUDO, *an individual*; ROGER C. GURNER, *an individual*; HUGH KOMINARS, *an individual*; THOMAS SAPIENZA, *an individual*; WILLIAM J. SOLOMON, *an individual*; DAVID OXENHANDLER, *an individual*; JOAN DALY, *an individual*; RICHARD L. HENDERSHOT, CPA, P.C., *a Virginia Corporation trading as* HENDERSHOT, BURKHARDT & REED, CERTIFIED PUBLIC ACCOUNTANTS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **ORDER**

Defendants Christopher V. Fuedo, Roger A. Gurner (identified as "Roger C. Gurner" in Plaintiff's Complaint), Hugh Kominars, Thomas Sapienza, William J. Solomon, David Oxenhandler and Joan Daly, have filed a Motion to Dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. As to Rule 12(b)(2), Defendants contend that their contacts with the Commonwealth of Pennsylvania and the specific transactions which underlie this action are insufficient to subject any of them to the personal

1

jurisdiction of this Court. In response, Plaintiff Allegheny Bank of Pittsburgh has requested leave to conduct limited discovery as to this Court's exercise of personal jurisdiction over each of the individually named Defendants.

Accordingly, this 25th day of March 2014, IT IS HEREBY ORDERED, in the interest of justice, the Defendants' Motion to Dismiss is denied without prejudice and the parties are permitted until May 9, 2014, to conduct discovery relevant to the issue of the propriety of this Court's exercise of personal jurisdiction over each of the individually named Defendants, including, where appropriate, the application of the fiduciary shield doctrine. At the close of this limited discovery, Defendants may renew their Motion to Dismiss pursuant to both Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/ Maureen P. Kelly
United States Magistrate Judge

cc: All Counsel of Record Via CM-ECF